No. 28,113.

N. RATHJEN, *Appellant*, v. J. R. FINLEY, as County Clerk, and J. F. BERLIN, as County Treasurer, of Franklin County, *Appellees*.

(267 Pac. 967.)

Opinion filed June 9, 1928.

*H. M. Funston* and *F. A. Waddle*, both of Ottawa, for the appellant.

*B. F. Bowers* and *W. S. Jenks*, both of Ottawa, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The appellant, for himself and six hundred and seventy-one others, prosecutes this action to enjoin the defendants from entering on the tax rolls and from collecting a tax of four-tenths of a mill levied by the board of county commissioners of Franklin county for the benefit of the Franklin County Agricultural Society. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The plaintiff argues that chapter 2 of the Laws of 1927, the law under which the tax was levied, is unconstitutional because it violates section 16 of article 2 of the constitution of the state of Kansas.

The legislation questioned commenced in chapter 152 of the Laws of 1913 under a title as follows:

"An act authorizing certain counties and cities to make levies and vote bonds for certain fair purposes, to purchase fairgrounds and convey the same as herein provided."

That act authorized certain kinds of counties and cities to purchase fairgrounds when conditions prescribed had been complied with. No authority was given in that act to do anything but purchase fairgrounds. That act appeared in the General Statutes of 1915 as sections 10372 to 10377, inclusive. Sections 10372 and 10373

of the General Statutes of 1915 (section 1 and section 2 of chapter 152 of the Laws of 1913) were amended by chapter 190 of the Laws of 1917 under a title which read as follows:

"An act authorizing certain counties and cities to make levies and vote bonds for certain fair purposes, to purchase fairgrounds, and to convey the same as herein provided, to amend sections 10372 and 10373 of the General Statutes of Kansas for 1915, and to repeal said original sections 10372 and 10373."

No authority was given by that act to counties or cities to do anything except purchase fairgrounds. Section 10372 of the General Statutes of 1915, as amended by section 1 of chapter 190 of the Laws of 1917, was again amended by chapter 194 of the Laws of 1919, the title to which was as follows:

"An act authorizing certain counties and cities to make levies and vote bonds for certain fair purposes, to purchase fairgrounds, and to convey the same as herein provided, to amend section 10372 of the General Statutes of Kansas for 1915 as amended by section 1 of chapter 190 of the Session Laws of 1917, and to repeal said original section 10372."

That act, chapter 194 of the Laws of 1919, in section 1, contained the following provision:

"*Also provided further,* that in any county complying with the provisions of this act, the board of county commissioners shall annually at the time set by law for making levies, levy a tax for the maintenance, paying premiums and repairing and building improvements in a sum not exceeding one-half mill on the dollar."

That act appears in the Revised Statutes of 1923 as section 2-207. The title to the act of 1919 and of all the previous ones indicated that the act authorized counties to make levies for certain fair purposes. That title was broad enough to include levying a tax for the maintenance of a fair, for paying premiums, and for making and repairing improvements. Section 2-207 of the Revised Statutes of 1923 was amended by chapter 2 of the Laws of 1927. The title to that act reads:

"An act relating to acquiring of county fairgrounds by purchase, lease or otherwise, providing for payment of same, amending section 2-207 of the Revised Statutes of 1923, and repealing said original section."

The title to chapter 2 of the Laws of 1927 restricted the provisions of the act to acquiring fairgrounds and to paying for the same. That act specifically repealed section 2-207 of the Revised Statutes. Chapter 2 of the Laws of 1927 must stand or fall under its

title. That title restricted the operation of the act to acquiring fairgrounds and to providing for payment for the same. The title was not broad enough to include a provision for levying a tax for the maintenance of a fair, for paying premiums, or for making, or for repairing improvements. Because the title to chapter 2 of the Laws of 1927 restricted the act to acquiring fairgrounds and to providing for payment for the same, that part of the act providing for levying a tax for any other purpose violated section 16 of article 2 of the constitution of the state of Kansas.

It was admitted on the trial that the tax sought to be enjoined was levied under the Laws of 1927 and was not levied for the purpose of procuring fairgrounds, new or any other kind, by either lease or purchase. It follows that the tax was levied without authority of law.

The defendants argue that the plaintiff did not prove that he was a taxpayer. That fact was put in issue by the pleadings, but seems to have been forgotten on the trial. The trial was on stipulation made in open court, and it seems to have been assumed that the plaintiff was a taxpayer. It appears that the only controversy was over the validity of the law.

The judgment is reversed, and the trial court is directed to enter judgment for the plaintiff.